R. J. BLACKWELL *v.* WM. H. FITZPATRICK, Adm'r.

BILLS AND NOTES. *Assignment of. Evidence. Pleading and practice. Magistrate.* Where a party sues upon a note that has been assigned to him, it is necessary that he should prove the assignment, if contested, in order to establish his claim to the paper sued on; yet such assignee will not be required to prove the assignment, unless it be denied by plea. If the suit originates in the circuit court, the plea should be in writing; if before a justice of the peace, the plea may be oral, either before him or on appeal to the circuit court.

Cases cited: Richardson & Price *v.* Cato, 9 Hum., 460; Stone *v.* Bond, 2 Heis., 425.

FROM LAUDERDALE.

Appeal from the Circuit Court. T. J. FLIPPIN, Judge.

LYNN, OLDHAM & CONNOR for plaintiff.

BATE & SMITHEAL for defendant.

DEADERICK, J., delivered the opinion of the court.

Fitzpatrick, as administrator, obtained a judgment against Blackwell, before a justice of the peace of Lauderdale county, upon a note assigned to his intestate. Blackwell appealed to the circuit court. The note upon the trial was read, to which defendant objected. The bill of exceptions shows that all the evidence in the cause was the note sued on and the assignment thereof by the payee to plaintiff's intestate.

The circuit judge, a jury being waived, rendered judgment in favor of plaintiff, and defendant appealed.

The error assigned is, in allowing the assignment of the note to be read before any evidence of the assignment was introduced.

In the case of *Richardson & Price* v. *Cato*, 9 Hum., 460, it was held, in a case originating before a justice of the peace, to be error in the circuit judge to overrule an objection taken on the trial to the reading of the assignment of the note sued on, the objection being, as stated at the time, *upon the ground that such assignment was not proved;* the court holding that the objection taken was equivalent to an oral plea, which was sufficient in a case coming up from a justice of the peace by appeal.

To the same effect is the later case of *Stone* v. *Bond*, 2 Heis., 425.

But in both these cases it will be observed that the facts relied upon and stated in the objection to the reading of the assignment was, that the assignment was not proved, and it is this oral statement of the

ground of the objection which was regarded in the one case as equivalent to the plea of non-assignment, and in the other as a defense which might be made orally on the trial, no written pleadings as a general rule being required in cases coming by appeal from a justice of the peace.

The objection, without specifying the grounds of it, cannot be considered a plea. A plea by a defendant in an action is a statement of facts constituting the grounds of his defense.

The objection taken in this case was to the reading of the *note*, without any specification of the grounds of the objection or statement of facts upon which the objection rested or was based.

If the ground of the objection had been specified, the oral plea thus interposed might have been answered by appropriate evidence. And while it is necessary that plaintiff should prove the assignment, if contested, in order to establish his claim to the paper sued on, yet the assignee will not be required to prove the assignment, unless it is denied by plea. If the suit originates in the circuit court, the plea should be written; if it originates before a justice of the peace, the plea may be oral, either before him or on appeal to the circuit court.

Let the judgment be affirmed.